# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MELODY WILLIAMS,

                    Petitioner,              :       Case No. 3:15-cv-254

        - vs -                                       District Judge Walter Herbert Rice
                                                     Magistrate Judge Michael R. Merz

GOVERNOR JOHN KASICH, et al.,
                                              :
                    Respondents.

---

# REPORT AND RECOMMENDATIONS REGARDING PARTIES;
# ORDER FOR AMENDED PLEADING

---

Plaintiff Melody Williams purports to bring this case on behalf of herself and 163 other women imprisoned by the State of Ohio at the Dayton Correctional Institute ("DCI"). Named as Defendants are Governor John Kasich, Ohio Public Defender Timothy Young, and Wanda Jackson, the Warden at DCI.

In the Prayer for Relief in the Complaint, Ms. Williams seeks release from custody for herself and all other persons listed in the Complaint. The grounds for the requested relief are that all the listed parties are imprisoned on convictions infected with ineffective assistance of counsel. She alleges:

> The request [for a stay of imprisonment] is made to protect and secure the private interest of the Plaintiff and all parties involved. Those interest [sic] consist of continued loss of personal liberty through imprisonment. The interest the Plaintiff seeks to secure is that of freedom from bodily restraint.

1

(Complaint, ECF No. 1-1, PageID 27).

Plaintiff has not cited any basis for federal court jurisdiction over her case, but the Court must begin by assuring that it has jurisdiction. Plaintiff claims she has been deprived of liberty without due process and the effective assistance of counsel, which are constitutional rights. Moreover, she seeks to enjoin further imprisonment of herself and "all other parties involved." At first glance, this suggests she is intending to bring suit under 42 U.S.C. § 1983 for deprivation of constitutional rights.  This is consistent with her naming the initial pleading a "complaint" and her demand for trial by jury.

However, because Plaintiff seeks release from imprisonment for herself and the other listed interested parties, this Court cannot consider the case under § 1983.  The Supreme Court has expressly held that those seeking release from imprisonment that results from an allegedly unconstitutional state court judgment cannot obtain that relief under § 1093.  *Preiser v. Rodriquez*, 411 U.S. 475 (1973).

The other possible basis for jurisdiction is in habeas corpus under 28 U.S.C. §§ 2241 and 2254.  Because release from imprisonment is the relief Plaintiff seeks, the Court proceeds to treat the Complaint as attempting to state a habeas corpus claim.  This is consistent with the Court's treatment of Ms. Williams' prior case, *Williams v. Jackson*, Case No. 3:15-cv-113.  Treating the Complaint as an attempt to obtain habeas corpus relief, the Magistrate Judge makes the

2

following procedural recommendations:

1.     Governor Kasich and Public Defender Young must be dismissed as defendants or respondents.  The only proper respondent in a habeas corpus case is the petitioner's custodian, in this case Warden Jackson.

2.     A habeas corpus case cannot proceed on a class action basis because the facts and circumstances of each person's conviction are what is in issue in a habeas case and those are facts not in common.  Moreover, a person proceeding *pro se* is not an appropriate representative of a class.  Therefore the class allegations in the Complaint should be stricken.

Once the case is categorized as arising in habeas corpus, the Rules Governing § 2254 Cases become applicable to its processing.   The Complaint as presently pled does not satisfy the requirements of those Rules.  It says nothing about Ms. Williams' conviction or sentence or any prior decisions in her case by the Ohio courts.  It alleges very generally that she and the other listed parties received ineffective assistance of trial counsel and/or ineffective assistance of appellate counsel, but it gives none of the detail necessary to evaluate that claim.  Rule 2(d) of the Habeas Rules specifically provides that "[t]he petition must substantially follow . . .the form appended to these rules . . . ."

It is accordingly ORDERED that the Clerk furnish Plaintiff with a copy of the standard form prescribed by the Habeas Rules.  Ms. Williams is ORDERED to complete and file a Petition in that form not later than August 14, 2015.  Failure to comply with this Order will result in a recommendation to dismiss the case for want of prosecution.

In her prior case the Court advised Ms. Williams of the obligation to obtain permission from the United States Court of Appeals to file a "second or successive" habeas corpus petition if she has filed a first petition regarding her own convictions and noted the pendency of a habeas corpus case in her name in the United States District Court for the Northern District of Ohio, Case No. 3:14-cv-2472.  If Ms. Williams files the amended petition ordered above, this Court will make an initial evaluation as to whether it is "second or successive."

July 28, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge


**NOTICE REGARDING OBJECTIONS**


Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).