# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

MELODY WILLIAMS,

    Petitioner,  : Case No. 3:15-cv-254

- vs -    District Judge Walter Herbert Rice
    Magistrate Judge Michael R. Merz

GOVERNOR JOHN KASICH, et al.,

    :

    Respondents.

## REPORT AND RECOMMENDATIONS

  This habeas corpus case is before the Court on Petitioner's Motion for a Certificate of Appealability (ECF No. 15) and Motion for Reconsideration (ECF No. 16).  As post-judgment motions, they are deemed referred under 28 U.S.C. § 636(b)(3) for report and recommendations rather than decision in the first instance.

  Because it was filed in time to qualify, the Court will treat the Motion for Reconsideration as a motion to amend the judgment made under Fed. R. Civ. P. 59(e).  The Federal Rules of Civil Procedure to not provide for a motion for reconsideration.

  District Judge Rose dismissed this case without prejudice because Petitioner had neither complied with the Magistrate Judge's instruction to file a proper habeas corpus action nor had she objected to his Decision denying her Motion to Amend.

  Ms. Williams explains her failure to object by the absence in the Decision and Order of any notice of right to object such as is appended to reports and recommendations.  The Sixth

1

Circuit requires appending such a notice to reports and recommendations, but not to decisions on non-dispositive motions such as a motion to amend. Fed. R. Civ. P. 72(a) provides the righto object on decisions and orders, but the Court does not, and is not required, to provide a notice of that right.

Ms. Williams makes clear in her Motion for Reconsideration that she seeks to make this a habeas corpus class action. As authority for proceeding in habeas on a class basis, she relies on *Mead v. Parker,* 464 F.2d 1108 (9th Cir. 1972). There a group of prisoners filed a writ of habeas corpus for declaratory and injunctive relief "seeking a supply of law books to make it possible for petitioners to prosecute their legal proceedings." Petitioners were all confined in a federal penitentiary and they did not seek release, but rather an order to provide law books. The circuit court found the action could not usefully be brought under 28 U.S.C. § 2255 because such motions must be brought in the district of conviction. *Id.* at 1111. It found that the district court where the action was brought would have jurisdiction under the Mandamus Act, 28 U.S.C. § 1361 because a federal official was the warden/custodian. *Id.* If the petitioners had been state prisoners, the case could have been brought under 42 U.S.C. § 1983, but that was not available for federal prisoners. *Id.* The circuit court also held habeas could be used to correct certain aspects of prison confinement rather than for seeking release. *Id.*, citing *Johnson v. Avery*, 393 U.S. 483 (1969).

Williams also relies on *Adderly v. Wainright,* 46 F.R.D. 97 (M.D. Fla. 1968), where class status in habeas was allowed for a class of death row inmates in Florida where the judge found the case made common attacks on state death penalty practice. The petitioners were well represented by the American Civil Liberties Union, the NAACP Legal Defense Fund, and

Anthony Amsterdam, the preeminent capital defense lawyer in the country then and now.

Much has happened since these two decisions to demarcate habeas corpus from an ordinary civil lawsuit under 42 U.S.C. § 1983 for deprivation of constitutional rights by prison conditions. The year after *Mead*, the Supreme Court held a district court cannot grant release from confinement in a § 1983 action because to do so would frustrate the habeas exhaustion requirements. *Preiser v. Rodriquez*, 411 U.S. 475 (1973). In *Nelson v. Campbell,* 541 U.S. 637 (2004), and *Hill v. McDonough,* 547 U.S. 573 (2006), the Court held that method of execution claims may be brought in § 1983 actions rather than in habeas. Finally this last Term the Court held that method of execution claims must be brought in a § 1983 action. *Glossip v. Gross,* 576 U.S. ___, 135 S. Ct. 2726, 192 L. Ed. 2d 761 (2015).

Keeping the remedies separate has become much more important for the individual prisoner since adoption of the Antiterrorism and Effective Death Penalty Act of 1996 (the "AEDPA"). Most importantly for present purposes, the AEDPA limits a state prisoner to only one habeas corpus action without prior permission of the court of appeals. To allow a *pro se* petitioner such as Ms. Williams to bring a habeas action on behalf of hundreds of other prisoners would imperil their right to receive habeas corpus review of their convictions. That was not the case in 1972 when a prisoner could essentially bring as many habeas actions as he or she wanted. Because of that lack of limitation, it essentially did no harm to allow a single claim – lack of law books – to be brought in habeas rather than in a § 1983 action.

Even if class status were proper in habeas, this would not be an appropriate case for it. While the proposed class is sufficiently numerous and it has in common that all members were represented at trial by counsel appointed under the Ohio indigent defense system, it is very

3

unlikely that Ms. Williams' claims are typical. Ineffective assistance of trial counsel claims come in many different sizes and shapes. Whether a particular act of an attorney is deficient performance will differ from trial to trial. So will the question of whether the error prejudiced the defendant. The questions presented by the individual cases will clearly predominate over the common questions.

Even if this case were brought as a class action under 42 U.S.C. § 1983, no class should be certified because, as has been noted before, Ms. Williams is indigent and proceeding *pro se,* so she is unable "fairly and adequately to protect the interests of the class." Fed. R. Civ. P. 23(a)(4).

It is accordingly respectfully recommended that the Motion for Reconsideration be DENIED. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

September 28, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ.

P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).